## Case No. 6,926.

### In re HURST.

[2 Flip. 510.] [1]

District Court, M. D. Tennessee.    Oct., 1879.

HABEAS CORPUS—KILLING UNDER ORDERS IN
TIME OF WAR.

Where a soldier in the regular service during the war of the Rebellion. while acting under the orders of his superior officer, led, or was a member of, a company, which was ordered to fire upon all bushwhackers. and in consequence thereof. one such was killed, and said•soldier was afterwards tried for murder, convicted, sentenced and sent to the state prison: *Held*, that the state court had no jurisdiction to try such case, and he was entitled to his discharge, notwithstanding he was already undergoing his sentence.

[Cited in Re Neagle, 39 Fed. 851.]
[Cited in Farmer v. Lewis, 1 Bush, 66.]

Hurst was convicted by the Morgan county circuit court of having murdered one Thomas Staples, a captain in the Confederate army. He was sentenced for fifteen years in the state penitentiary, where he had already served ten months when this application was made. The proof was that at the time the act was committed, February 2, 1865, Hurst was a member of Capt. D. Beaty's company, which was recognized as belonging to the United States army. The company had been ordered to exterminate all bushwhackers, and Staples was regarded as of that class. The company, composed of forty men, came across Staples on the day mentioned. He mounted his horse and attempted to escape. As he passed over a hill the company fired a volley at him. He afterwards died from the wounds received on that occasion.

John P. Murray, for the prisoner urged that, notwithstanding the fact that Hurst had allowed final judgment to be passed upon him, and had gone to the penitentiary,[2] there were good reasons why he should be discharged. The deed, if committed by Hurst, was done in obedience to the command of a superior officer in time of war.

TRIGG, District Judge, said the case was a novel one, inasmuch as it was very rare that one court interfered with the judgment of another after it had gone into effect, and this was the first instance of a decision on the subject in Tennessee. While he might have some doubts on the question, yet he was inclined to decide in favor of liberty under the facts presented, and would therefore order the discharge of the prisoner. He made the following order:

"Miller Hurst.—Ex parte Petition for Habeas Corpus.

"In this case it appears to the court that Miller Hurst is confined in the penitentiary of the state of Tennessee on the charge of murdering Thomas Staples, in Morgan county, Tennessee, in January, 1865, under sentence of the circuit court of Morgan county, Tennessee.

"It appearing to the court that Thomas Staples was a soldier of the army of the Confederate states, and that the petitioner was a soldier of the army of the United States. and that the killing was an act of war done during the war of the Rebellion, under the orders of the president of the United States, in a section of country then under military occupation by the forces of the United States, from which the Confederates had been driven during the war. It appears to the court that the circuit court of Morgan county, Tenn., had no jurisdiction of the offense for which the petitioner is being held; that the killing having been done during the war, under orders as aforesaid, and in a country under military occupation, was not cognizable by the circuit court of Morgan county, Tenn., and the said Miller Hurst is unlawfully restrained of his liberty.

"It is, therefore, ordered that the said Miller Hurst be discharged from said imprisonment and released from custody, and that the petitioner pay the cost of this proceeding; and if not paid, let execution issue, and that a copy of this order be furnished to the warden of the penitentiary."